### BY THE

### ST. LOUIS, KANSAS CITY AND SPRINGFIELD

# COURTS OF APPEALS

### AT THE

## MARCH TERM, 1916.

PAUL LEMAITRE, Respondent, v. NATIONAL CAS-
UALTY COMPANY, Appellant.

St. Louis Court of Appeals. Argued and Submitted May 4, 1916. Opinion
Filed June 6, 1916.

1. **ACCIDENT INSURANCE:** Nature of Contract. An accident insur-
ance policy is not an exception to the rule that insurance contracts
are contracts of indemnity, especially where the policy recitals
refer to the contract as one of indemnity.

2. **INSURANCE:** Construction of Policy: Repugnant Clauses. Where
an insurance policy contains repugnant clauses, the first governs,
rather than the following.

3. ———: ———: ———. While contracts generally must be con-
strued to make a harmonious whole, insurance contracts are to be
interpreted most favorably to the insured.

4. **ACCIDENT INSURANCE:** Construction of Policy: Repugnant
Clauses. Under an accident insurance policy, providing for monthly
indemnity for total disability and partial disability, respectively,
and, in a subsequent clause, for specific sums as indemnity for
specific total losses, including the loss of a hand, an insured who
suffered an accident in which he lost a hand, and received other
injuries causing a total disability for several months and partial
disability thereafter for a time, was not restricted to the specific
indemnity provided for the loss of a hand, but was entitled to re-
ceive the indemnity for total and partial disability, which, at the
rates named in the policy, exceeded the indemnity for the loss of
a hand.

599

5. **INSURANCE:** Vexatious Refusal to Pay: Question for Jury. Whether the refusal of an insurance company to pay a claim on an accident policy is vexatious, authorizing an allowance of an attorney's fee, under Sec. ——, R. S. 1909, is a question of fact for the jury, or for the trial judge where a jury is waived.

Appeal from St. Louis City Circuit Court.—*Hon. Leo. S. Rassieur,* Judge.

AFFIRMED.

*Leahy, Saunders & Barth* and *D. W. Voyles* for appellant.

(1) Policies of accident insurance are, with policies of life insurance, exceptions to the rule that contracts of insurance are contracts of indemnity. 1 Cooley's Briefs on Insurance, 89. (2) Where there are two inconsistent stipulations covering the same subject-matter, the one general and the other separate and distinct, the latter stipulation will govern, because specific. Northwestern Mut. Life Ins. Co. v. Hazelett, 105 Ind. 212; Mitchell Furniture Co. v. Imperial Fire Ins. Co., 17 Mo. App. 627. (3) Policies of insurance are, as are other contracts, subject in their interpretation to the rule that every part of them should have an effect if possible. 1 Cooley's Briefs on Insurance, 640; Banta v. Casualty Co., 134 Mo. App. 222. (4) Where an express condition or covenant relative to a particular matter exists in a policy, no other will be implied. Wilcuts v. Northwestern Mut. Life Ins. Co., 81 Ind. 300.

*Walton & Senti* for respondent.

(1) In contracts of insurance it is presumed that the insurer intended the insured to understand that in case of loss he is to have protection to the full extent which any fair interpretation will give. The spirit of the rule is, that where two interpretations, equally fair, can be given, that which gives the greater indemnity shall be given. No rule in the interpretation of a policy is more fully established or more imperative and con-

trolling than that which declares that in all cases it must be liberally construed in favor of the insured. May on Insurance, sec. 174-175. This rule has been adopted by the courts in this State. Columbia P. S. Co. v. Fidelity & Casualty Co., 104 Mo. App. 168; LaForce v. Williams, 43 Mo. App. 530; Cunningham v. Union Casualty & Surety Co., 82 Mo. App. 614; Graham v. Casualty Co., 120 Mo. App. 671; Renn v. Supreme Lodge K. P., 83 Mo. App. 442; Hale v. Insurance Co., 46 Mo. App. 509; Hoffman v. Insurance Co., 56 Mo. App. 301; Stout v. Missouri Fidelity & Casualty Co., 179 Southwestern 993. (2) An interpretation of a policy, leading to an absurd or unreasonable conclusion, cannot be presumed to have been within the contemplation of the parties, and must be abandoned, and an interpretation adopted that will be consistent with reason and probability. (3) Policies of accident insurance are not exceptions to the rule of interpretation that the construction, which shall be adopted, is that which is most favorable to the insured. Stout v. Missouri Fidelity & Casualty Co., 179 Southwestern 993; Cunningham v. Union Casualty & Surety Co., 82 Mo. App. 614; Graham v. Union Casualty & Surety Co., 120 Mo. App. 671.

REYNOLDS, P. J.—This is an action on a policy of accident insurance instituted before a justice of the peace. The statement there filed, after formal averments, sets out the issue of the policy about October 21, 1907, and its renewal from time to time, and that it was in force at the time of the accident, it being on consideration of the payment of stated monthly premiums. The obligations assumed by defendant, as contained in clauses A and B of the policy, which clauses are hereinafter set out in full, are averred, and it is averred that about August 2, 1912, the policy being in full force and effect, plaintiff had received bodily injuries effected directly and independently of all other causes through external, violent and accidental means, and which immediately, continuously and wholly, from the date of the accident, did disable and prevent the assured from performing every

duty pertaining to any business .or occupation for a
period of ten months and eight days, that is, from Au-
gust 2, 1912, down to June 10, 1913, and that said inju-
ries immediately following the period of total disability
prevented the assured from performing one or more im-
portant daily duties pertaining to his occupation for a
period of two months and ten days, that is, from June
·10, 1913, down to August 19, 1913, and will continue to
prevent plaintiff from performing one or more impor-
tant daily duties pertaining to his daily occupation
throughout his entire life.  It is further averred that the
injury resulted from plaintiff's right hand being caught in
a belt revolving about a pulley, violently throwing plain-
tiff around the pulley, tearing his right arm from his
body at or about the elbow joint and breaking his left
arm in two places between the elbow and shoulder joint,
fracturing four of plaintiff's ribs on the right side and
bruising and injuring the left side of his head.  Repeat-
ing the averments as to the injuries, and that they had
prevented plaintiff from performing every duty pertain-
ing to his occupation for a period of ten months and
eight days and down to June 10, 1913, and that this
period of total disability was followed by a period of
partial disability caused by these injuries, beginning
June 10, 1913, and lasting to the date of the filing of the
petition, to-wit, August 20, 1913, it is claimed that in
consequence of the total loss of time for a period of ten
months and eight days, that is, from the date of the ac-
cident down to June 10, 1913, defendant company be-
came indebted to plaintiff under the terms of the policy
in the sum of $308, and that by reason of his partial dis-
ability for a period of two months and nine days, that is
to say, from June 10, to August 19, 1913, defendant, un-
der the policy, became indebted to plaintiff in the further
sum of $27.60, a total indebtedness of $335.60.  Averring
a demand of the $335.60, it is averred that defendant had
vexatiously refused and still does vexatiously refuse to
pay plaintiff that sum.  Judgment is accordingly de-
manded for $335.60, with interest from August 19, 1913,
with ten per cent. damages thereon and $125 attorney's

fees because of the vexatious refusal on the part of defendant to pay.

There were no pleadings filed by defendant in the justice's court or in the circuit court, to which latter court the case was appealed and tried before the court, a jury being waived.

It appears that defendant tendered plaintiff $150 as in full payment of all liability under this policy, being one-half of the principal sum of $300 for loss of one hand by severance at or above the wrist joint, which plaintiff declined to receive.

There was evidence of the accident and its effect and duration, as set out in the petition or statement, of the demand for payment, refusal to pay and of the value of the attorney's services.

The policy sued on was given in evidence. It is recited in the policy that in consideration of the payment of the policy fee and of the premium and of the statements, etc., in the application being true, the defendant company insures plaintiff subject to the provisions and conditions contained in and indorsed upon the policy.

The policy then proceeds as follows:

"Accident Indemnity for Total Disability.

"(a) At the rate of thirty dollars per month against total loss of time not exceeding twenty-four consecutive months resulting from bodily injuries effected directly and independently of all other causes through External, Violent and Accidental means, and which immediately, continuously and wholly, from date of accident, disable and prevent the assured from performing every duty pertaining to any business or occupation.

"Partial Disability.

"(b) Or, if such injuries shall immediately, wholly and continuously, from date of accident, disable and prevent the assured from performing one or more important daily duties pertaining to his occupation, or in event of like disability immediately following total disability, or in event of total disability not immediately following injury, but within fifteen days of date of injury, the Company will pay the assured for the period of such disabili-

ty, not exceeding (6) consecutive months, two-fifths of the rate above specified for the total loss of time; provided, the combined period for which indemnity shall be paid for total and partial disability described in paragraphs (a) and (b) hereof shall not exceed twenty-four consecutive months.

"Specific Total Losses.

"(c) In event of any one of the following specific total losses which shall result from bodily injuries as described in paragraph (a), within ninety days from date of accident, the Company will pay, in lieu of any other indemnity:

For loss of

Life (Payable to Beneficiary), Three Hundred Dollars .................... The Principal Sum.

Both Hands, by severance at or above the wrist joint, ........................ The Principal Sum.

Both Feet, by severance at or above the ankle joint, .................... The Principal Sum.

One Hand and One Foot, by severance at or above the said joints, ............ The Principal Sum.

Entire Sight of Both Eyes, if irrecoverably lost, .......................... The Principal Sum.

Either Hand, by severance at or above the wrist joint, ..................... One-half of the Principal Sum.

Either Foot, by severance at or above the ankle joint, ........................ One-half of the Principal Sum.

Entire Sight of One Eye, if irrecoverably lost, ............................... One-third of the Principal Sum."

No declarations of law were asked or given.

The trial court entered up judgment against the defendant and surety for $481.02 as follows:

"Principal under policy sued on, ....... $335.60
Interest, ........................... 11.86
Damages for vexatious refusal to pay,.. 33.56
Attorney's fee, .................... 100.00
                                    _____
                                    $481.02" ··

From this, defendant filing a motion for new trial, has duly appealed to our court.

It is contended by plaintiff below, and again in our court, that he is entitled to compensation as provided in

clauses A and B of the policy, while defendant contends that plaintiff is entitled to compensation only as provided in clause C of the policy. The trial court adopting plaintiff's theory of the case, defendant assigns error to that action. It also assigns error in awarding and assessing damages for vexatious delay and in allowing counsel fees.

The learned counsel for appellant argue that policies of accident insurance are, with policies of life insurance, exceptions to the rule that contracts of insurance are contracts of indemnity. We are unable to appreciate the force of this, either as a general principle or as applicable here. On the very face of the policy here involved and over clause A, which is the first clause providing for the payment of any sum, it is referred to as "accident indemnity for total disability," and throughout the policy, heading other clauses which are not here material and which we have not here quoted, it is referred to as a contract of indemnity. Thus, paragraph D is headed, "Double Indemnity," paragraph E, "Illness Indemnity," paragraph I is headed, "Special Death Indemnity," paragraph J is headed "Quarantine Indemnity."

Looking at this contract as a whole, construing it as a whole, it is very apparent that the main idea of it is indemnity, and the main feature in it is indemnity for loss of time in consequence of injury. Thus, while the indemnity for injuries involving total loss of time, is set out in the very first paragraph of the policy (paragraph "a") as at the rate of $30 per month for not exceeding twenty-four consecutive months, which would give a total of $720, the sum payable for certain specific losses is $300. That is given for the loss of life, for the severance of both hands at or above the wrist, for the loss of both feet at or above the ankle joint, for the loss of one hand and one foot by severance at or above the joints, and the loss of entire sight of both eyes, if irrecoverably lost.

Assuming that these clauses A and B are antagonistic to clause C, then the rule is, that the first is to gov-

ern rather than the following. [O'Connor v. St. Louis American League Base Ball Co., 193 Mo. App. 167, 181 S. W. 1167.] Applying that rule here, as we think it should be, and having regard to the fact that the policy itself by clauses A and B provides for total disability and partial disability specifically, and at a specified rate and precede clause C, which is for specific total losses, we think the construction that the learned trial court put upon this policy is correct.

It is a rule of construction of all contracts that they must be so construed as to make a harmonious whole; but it is also a rule, particularly applicable to insurance contracts, that the interpretation most favorable to the insured is to be accepted. That is not from any prejudice against insurance companies, but because as is well known, the insurer prepares and dictates the terms of the policy and the insured has but little choice in its terms. He must take it or reject it as written by the insurer. Construing this policy on its face and having in mind what was probably most prominent in the mind of the insured, that is, to provide for loss of time in case of his disability and secure some compensation that would be immediately available to him, it would seem that he was more intent on weekly indemnity than on providing a fund available on his death. If the insured is to be remitted to the provision in clause C to $300 in certain events, or to one-half, or one-third of that in others, then what becomes of the distinct contract to pay so much a month for so many months, when, as here, the latter would yield him $335.60, or might yield him twenty-four times $30, or $720? In this view the contract would be one-sided, and so appellant's construction would make it. In short, appellant's contention would entirely eliminate the feature providing for weekly indemnity. That is not the way contracts of insurance are to be construed. To adopt any such would make this contract a delusion and a snare.

We see no cause to differ from the learned trial judge in holding that the refusal to pay was vexatious. That is a question of fact under the statute for the de-

termination of a jury, or, as here, of the trial judge, a jury being waived.

The judgment of the circuit court is affirmed. *Nortoni* and *Allen, JJ.*, concur.