ELLIS BATES *v.* INTER-OCEAN CASUALTY COMPANY

(No. 9531)

Submitted February 8, 1944. Decided March 14, 1944.

Fox, Judge, dissenting.

*Scherer, Bowers & File,* for plaintiff in error.
*W. A. Thornhill, Jr.,* for defendant in error.

Kenna, Judge:

This proceeding was brought before a justice of the peace in Raleigh County for the purpose of recovering for a personal injury under what may be termed an industrial insurance policy. Judgment in favor of the plaintiff for three hundred dollars was rendered November 21, 1942. Defendant appealed to the Circuit Court, and the matter was submitted under an agreed statement of facts, the judge acting in lieu of a jury, and from a finding and judgment for the plaintiff, this Court granted a writ of error.

Plaintiff, on December 9, 1941, had one of his legs so severely injured by a slate fall in a coal mine where he was employed as a loader, that it was necessary on March 3, 1942, to amputate the injured member four inches above the knee. The policy under the terms of which recovery is sought was then in effect. A claim of loss was evidently filed, and thereafter, on March twenty-first, he accepted from Inter-Ocean Casualty Company, indorsed and used, a draft for one hundred eighty-nine dollars and fifty cents, being the amount of two hundred dollars payable to an

insured "for loss of one hand or one foot" under "Part I" of the policy, minus premiums aggregating ten dollars and fifty cents admittedly due the insurer for the months of January, February and March. The plaintiff's present claim is based upon the provisions of "Part II" of the policy, which provides for a weekly indemnity of ten dollars for not more than fifty-two consecutive weeks to an insured who is "wholly and continuously disabled due to an accidental injury alone", the total disability of the plaintiff due to accident for the named period being conceded.

There being no controversy concerning the facts, there are but two questions to be decided, under the assignments of error before this Court:

> Does the payment of its complete liability under the provisions of Part I of the policy fully satisfy all liability under both Part I and Part II of the insurance contract when read together, and

> Does the receipt of the company's draft, used and indorsed by the claimant and bearing the following notation on its back above the claimant's signature constitute a total release of the insurer's liability: "The above balance being in full satisfaction, compromise and final settlement of all claims accrued or to accrue against Inter-Ocean Casualty Co., Cincinnati, Ohio, on account of any accident already sustained and any disease and any illness heretofore contracted."

It will be observed that if there is no additional liability against the defendant under the terms and conditions of the insurance policy in question beyond the amount already received by plaintiff, the second question is not reached.

The policy in question specifically covers loss by accident of certain parts of the body, and disability resulting from accident. There seems to be no general coverage under its provisions relating to loss of a member of the body. The coverage is entirely specific and only the pro-

vision applying to the loss of a foot covers the loss of a leg. There is no additional coverage for the entire or partial loss of a leg or an arm. Furthermore, the first sentence in Part I of the policy contains the following language:

> "The company will pay for such loss, *in lieu of all other indemnity under this policy,* the following specific sum · * * *." (Italics supplied)

And Part II, under the terms of which plaintiff now seeks recovery, provides in addition the following:

> "Provided, That indemnity under this Part shall not be paid for a longer period than fifty-two consecutive weeks, nor for disability resulting · from any loss specified in part I; * * *."

The loss of a foot is specified in Part I. Unfortunately, there is no provision of the policy which insures against his additional loss.

We believe from the foregoing that it is plain that Part I and Part II of the policy are expressly and distinctly segregated in their coverage, and that the loss of a foot, regardless of the location of the severance, is expressly covered by Part I, only. A policy of accident insurance containing specific, but no general coverage, we do not believe can be construed by the same rules applicable to the Workmen's Compensation Law so that the loss of a member of the body in so far as recovery is concerned, is guided by, but not restricted to, the express provisions relating thereto.

We believe for the foregoing reasons that the judgment of the Circuit Court of Raleigh County should be reversed and the case dismissed, and it is so ordered.

*Reversed and dismissed.*

Fox, JUDGE, dissenting:

I cannot concur in the decision of the majority in this· case.

The policy on which recovery is sought contains alternative provisions covering payments for injuries accidentally sustained. These provisions are under the heads "ACCIDENT INSURANCE — SPECIFIC LOSSES" and "WEEKLY ACCIDENT INDEMNITY", which read as follows:

## "ACCIDENT INSURANCE—SPECIFIC LOSSES

"Part I. If within ninety days from the time of the accident any one of the following specific losses shall result solely from such injury, the Company will pay for such loss, in lieu of all other indemnity under this Policy, the specific sum shown herein;

"PROVIDED, that not more than one such indemnity shall be payable as the result of any one accident.

## "SPECIFIC LOSSES

"For Loss of Both Hands or Both Feet
                      Five Hundred Dollars
  For Loss of Both Eyes_____Four Hundred Dollars
  For Loss of One Hand and One Foot
                      Five Hundred Dollars
  For Loss of One Hand or One Foot
                      Two Hundred Dollars
  For Loss of One Eye_____One Hundred Dollars.

"In every case referred to in this Policy, the loss of any member or members above specified shall mean a loss by severance at or above the wrist joints or ankle joints, and the loss of eye or eyes shall mean the irrecoverable loss of entire sight thereof.

## "WEEKLY ACCIDENT INDEMNITY

## "Part II. TOTAL LOSS OF TIME

"Sec. (a)  Or, for the period of total loss of time commencing on date of the accident during which such injury alone shall wholly and continuously disable and prevent the Insured from performing any and every duty pertaining to any

business or occupation, the Company will pay ACCIDENT INDEMNITY AT THE RATE OF $10.00 PER WEEK."

The plaintiff's injury resulted in an amputation of his thigh four inches above the knee. He was paid two hundred dollars on the theory that he had lost one foot. The policy provides that "In every case referred to in this Policy, the loss of any member or members above specified shall mean a loss by severance at or above the wrist joints or ankle joints * * *." I assume this provision to have been inserted to make certain that the specific sums provided for would not have to be paid for the partial loss of a foot or hand. I do not construe the provisions for specific loss to cover injuries which go far beyond the loss of a foot. I think in such circumstances Part II, under the head "Weekly Accident Indemnity" can be invoked, and that the insured is entitled to be paid the weekly indemnity rate for a period not exceeding fifty-two weeks. I take this position because I think it settled law that the policy in question should be construed most strongly in favor of the insured plaintiff. I agree that if there were simply a loss of one foot the insured could only collect the specific sum provided for that injury, and could not recover any sum by way of alternative claim, under Part II quoted above, covering weekly accident indemnity; but I do not think that the provision quoted above, with respect to severance at or above the wrist joint or ankle joint, was intended to, or does, mean that the injury which the plaintiff sustained is covered by the schedule of "Specific Losses" mentioned above.

The majority opinion which holds that the plaintiff is confined to the two hundred dollar provision made for specific loss, rightly held that the second question raised as to the use of the company's draft in the settlement of the plaintiff's claim did not arise. In my opinion, the use of that draft did not operate to bar the plaintiff from asserting his present claim. I would, therefore, affirm the judgment of the trial court.