**Fred W. KINTY, Plaintiff-Respondent,**

v.

**UNITED BENEFIT LIFE INSURANCE COMPANY, a corp., Defendant-Appellant.**

**No. 24679.**

Kansas City Court of Appeals.

Missouri.

Dec. 4, 1967.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 5, 1968.

Application to Transfer Denied April 8, 1968.

Henry G. Eager, James H. McLarney, Swanson, Midgley, Jones, Eager & Gangwere, Kansas City, for appellant.

Ivan E. Moody, Popham, Thompson, Popham, Trusty & Conway, Kansas City, for respondent.

SPERRY, Commissioner.

On April 6th, 1953, defendant issued its life, health and accident insurance policy to plaintiff. All premiums falling due on the policy from that date until trial herein have been paid and the insurance contract was and is in full force and effect.

Plaintiff suffered serious bodily injuries, resulting in total disability, on May 3rd, 1963 (at age 52) while he was operating "an over the road" tractor-trailer truck on a public highway near Sedalia, Missouri. A dispute arose between the parties as to the amount which plaintiff was entitled to receive under the terms of the policy. Plaintiff instituted this suit and, in a trial to the court, recovered judgment for

unpaid total disability benefits in the sum of $100.00 per month (under Part A of the policy) from May 3rd, 1963, to June 3rd, 1966, a total of $3,700.00; $300.00 for three months of hospital confinement, and $25.00 for hospital expenses (under Part H) or a total of $4,025.00; "plus waiver of premiums as provided in Part J of the policy, with credit in the sum of $833.34, paid by defendant after trial". Defendant appeals.

When this policy was issued to plaintiff he was a citizen and resident of West Virginia. The evidence was that, on May 3rd, 1963, while operating a tractor-trailer in Missouri, in an effort to avoid a collision with an unidentified automobile the vehicle operated by plaintiff overturned and plaintiff was critically injured. His leg was broken and it was amputated; one eye was punctured and the sight was irretrievably lost; his skull was fractured, resulting in organic brain injury to such an extent that he is unable to orient, or to make normal decisions. He will be unable to retain his balance so as to walk, even with an artificial limb, and he received multiple lacerations and internal injuries so that blood passed through his bowels. He was confined to hospital for a period of more than three months, and the medical evidence is to the effect that, because of organic brain injury (without regard to the loss of his leg and eye) he will be *permanently* and *totally* disabled so that he cannot engage in *any* gainful occupation.

The policy was in evidence.

On its front or face appears the following, in bold type:

"This Policy is Renewable at the Option of the Company only and Provides Benefits for Loss of Life, Limb, Sight, or Time, from Accidental Bodily Injuries, or Loss of Time from Sickness to the Extent Herein Provided".

The headline of the policy, at the top of the first page, in bold type, is as follows:

"This Policy is Renewable at the Option of the Company only and Provides Benefits for Loss of Life, Sight, or Time, from Accidental Bodily Injuries, * *".

"Monthly, Benefit          "Principal Sum

   $100.00".                   $2,500.00".

Under the heading "ACCIDENT INDEMNITIES", the policy contains the following pertinent sections:

"Part A.   TOTAL DISABILITY BENEFITS

"If the Insured, because of 'such injuries *which do not result in any of the specific losses mentioned in Part L, shall be wholly and continuously disabled and under the professional care and regular attendance of a legally qualified physician,* other than himself, *the Company will pay indemnity for one day or more (benefits begin with the first medical treatment during disability) at the rate of The Monthly Benefit per month so long as the Insured lives and suffers total loss of time* if the disability commences prior to the Insured's sixtieth birthday". (Emphasis ours).

*     *     *     *     *     *

On the second page appears the following:

"PART H.   ADDITIONAL BENEFITS IF CONFINED TO HOSPITAL.

"If the Insured, because of such injuries or such sickness, shall be continuously confined within a hospital for one day or more the Company will pay:

"(a)   Additional Benefit * * * An Additional indemnity at the rate of The Monthly Benefit per month for the period of such hospital confinement but not to exceed three months for any one accident or sickness.

"(b)   Miscellaneous Hospital Expense * * * Expense actually incurred for Xray, Anesthetic, Laboratory, Operating Room, Routine Medicines, Oxygen Tent, Surgical Dressings, Ambulance Service, and other charges incident to any one

period of hospital confinement, but not to exceed Twenty-Five ($25.00) Dollars in the aggregate for any one accident or sickness".

\*    \*    \*    \*    \*    \*

"PART J. WAIVER OF PREMIUM

"If such injuries or such sickness shall result in disability for which benefits are payable under PART A or PART F of this policy and such disability shall have continued· uninterruptedly for a period of at least one year, the Company, provided the policy is then in force, will waive all premiums thereafter becoming due during the period of compensable disability, and the Insured shall be entitled to benefits as provided in the policy, subject to all its conditions except as to payment of premiums".

"ACCIDENTAL DEATH, DISMEMBERMENT AND SPECIFIC INJURY BENEFITS.

"Loss in every case referred to in the following schedules in PARTS L and M of hand or hands, or foot or feet, shall mean severance at or above the wrist-joint or ankle-joint, respectively; and the loss of arm or arms, leg or legs, shall mean severance at or above the elbow-joint, or knee-joint, respectively; or in any case the total and irrecoverable loss of the use thereof. The loss of eye or eyes shall mean the total and irrecoverable loss of the entire sight thereof. Only one of the amounts (the largest applicable thereto) named in PARTS L and M will be paid for injuries resulting from one accident AND SHALL BE IN LIEU OF ALL OTHER INDEMNITY".

\*    \*    \*    \*    \*    \*        \*    \*    \*    \*    \*    \*

On page three appears the following:

"PART L. SPECIFIC LOSSES.

"If such injuries shall continuously and wholly disable the Insured from the date of the accident and, independently of sickness and all other causes, result in any of the following specific losses within thirteen weeks and while the Insured is so disabled, the Company will pay for the loss of:

Life --------------------------------------------------- Principal Sum

And in Addition, The Monthly Benefit per month for the period between the date of accident and date of death.

One Hand or One Arm -------------------- One-third Principal Sum
One Foot or One Leg --------------------- One-third Principal Sum
Either Eye --------------------------- One-fourth Principal Sum."

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*

---

Plaintiff's position is that he is entitled to be paid $100.00 per month (and other benefits) for total disability, (so long as it may continue or for life) under the provisions of PART A of the policy. He contends that his total and permanent disability was caused by the brain injury he received exclusive of the specific loss of a leg and an eye. Defendant contends that it. is liable to pay *only* the amount provided for loss of a leg and an eye, under PART L., supra, or a total of $833.34. However, defendant concedes that,

titled to recover under PART A of the policy, then the amount of the judgment is correct.

From all of the evidence, including the admissions, the policy, and the written medical statement of Dr. Wolcott, which was by agreement admitted into evidence, the court found that:

"1. *Plaintiff sustained permanent organic brain damage which exclusively and independently of the loss of his eye and leg has wholly and continuously disabled him*

*since the date of this accident"*. (Emphasis ours).

\* \* \* \* \* \*

"3. *Plaintiff's disabling brain injuries,* which cause his major disability, *do not result in the specific losses specified in PART L* and are therefore in express terms excluded from the PART L limitation." (Emphasis ours).

"4. The policy insured plaintiff against disability resulting from accidental injury, with limited disability coverage for the specific injuries described in PART L, and further provides full coverage for total and permanent disability under PART A caused by other injuries even though sustained in the same accident. The larger benefits given in PART A for unspecified injuries causing total disability cannot be reduced by the specific coverage of PART L where the PART L injuries do not cause his total disability. PART L would not apply to plaintiff unless the loss of his leg and his eye were his only disabling injuries".

The court's findings, as stated in paragraph 1, supra, is a correct statement of the conclusion that should be drawn from the evidence which, on this question, is uncontradicted. We also approve the trial court's conclusion to the effect that the PART A provision is excluded from the PART L limitation, and that the latter does not apply in this case. According to the medical evidence, the organic brain injury is the single loss that resulted in plaintiff's *total* (and permanent) disability.

Under the plain language of this policy the judgment in this case should stand. It is noted that, first, on the face of the policy; second, in the headline on the first page and, third, in PART A it is stated that payment for loss of time caused by accidental injuries is one of the benefits afforded by its provisions. The language used in connection with such benefit clearly indicates payment of $100.00 per month for total disability so long as such disability may continue. Not until we reach the last paragraph on page two of the policy do we find a reference to "Accidental death, dismemberment and specific injury benefits". The nature thereof, and the benefits therefor are specifically set out on page *three*.

In Lemaitre v. National Casualty Company, 195 Mo.App. 599, 186 S.W. 964, the court considered a policy quite similar to the one before us. At page 966 the court said:

"Assuming that these clauses a and b are antagonistic to clause c, then the rule is, *that the first is to govern rather than the* following. O'Connor v. St. Louis American League Baseball Co., [193 Mo.App. 167,] 181 S.W. 1167. Applying that rule here, as we think it should be, and having regard to the fact that the policy itself by clauses a and b provide for total disability and partial disability specifically, and at a special rate and precede clause c, which is for specific total losses, we think the construction that the learned trial court put upon this policy is correct. It is a rule of construction of all contracts that they must be so construed as to make a harmonious whole; but it is also a rule, particularly applicable to insurance contracts, that the interpretation most favorable to the insured is to be accepted. That is not from any prejudice against insurance companies, but because as is well known, the insurer prepares and dictates the terms of the policy and the insured has but little choice in its terms. He must take it or reject it as written by the insurer. Construing this policy on its face and having in mind what was probably most prominent in the mind of the insured, that is, to provide for loss of time in case of his disability and secure some compensation that would be immediately available to him, it would seem that he was more intent on weekly indemnity than on providing a fund available on his death. If the insured is to be remitted to the provisions in clause c to $300 in certain events, or to one-half, or one-third of that in others, *then what becomes of the distinct contract to pay so much a month for so many months,* when, as here, the latter would yield him $335.60, or might yield him twenty-four

times $30, or $720? In this view the contract would be one-sided, and so appellant's construction would make it. In short, appellant's contention would entirely eliminate the feature providing for weekly indemnity. That is not the way contracts of insurance are to be construed. To adopt any such would make this contract a delusion and a snare". (Emphasis ours).

In O'Connor v. St. Louis American League Baseball Co., 193 Mo.App. 167, 181 S.W. 1167, 1173–1174, the court declared the law to be that if two clauses of a contract are antagonistic and both cannot stand, the general rule is that the first will prevail over the second. If defendant is to prevail here we must hold that PART L takes precedence over all of the preceding provisions of the policy. Such a construction would result in rendering PART A wholly meaningless. This would be to violate fundamental rules generally, if not universally recognized and applied in the construction of insurance contracts.

Defendant relies heavily on the West Virginia case of Bates v. Inter-Ocean Casualty Company, 126 W.Va. 620, 29 S.E.2d 469. There plaintiff suffered an accident resulting in the amputation of one leg above the knee. Part I of the policy issued by defendant provided, under "Specific Losses", that defendant would pay him for "loss of hand or one foot * * * two hundred dollars" in lieu of all other indemnity under this policy. Thereafter, under Part II of the policy, appeared a provision for payment of "weekly accident indemnity" for total loss of time. The court held that Part I and Part II of the policy "are expressly and distinctly segregated in their coverage" and allowed recovery under Part I. The loss of one foot (although severance was above the knee) was specifically covered and it was the only loss suffered. It was covered in the very first coverage provision of the policy. The facts, as well as the policy provisions there reviewed, are so different from those involved here that the decision is not applicable in this case.

There is no sound reason for further citation of authority or discussion of accepted rules of construction of insurance contracts.

The judgment is affirmed.

MAUGHMER, C., concurs.

PER CURIAM:

The foregoing opinion of SPERRY, C., is adopted as the opinion of the Court. HOWARD, P. J., and CROSS, J., concur.

MORGAN, J., not participating because not a member of the Court when the cause was submitted.